Strafford, }
Dec., 1894. }

WALLACE & *a.* v. GLASGOW INVESTMENT CO. & *Tr.*, LETCHER, Claimant.

In the absence of fraud, an attaching creditor has no greater right against the trustee than the defendant would have in an action against him.

If insurance upon property conveyed in trust to secure purchase money, and insured for the benefit of the trust in compliance with its terms, is paid to A, under an agreement that it is to be subject to the provisions of the trust, he will not be chargeable as trustee in a suit by a general creditor of the grantor; and upon an issue between such creditor and a claimant under the trust deed, the latter is entitled to the funds.

FOREIGN ATTACHMENT. Issue between the plaintiffs and the claimant. Facts found by the court. June 1, 1891, the defendants received from the Natural Bridge Park Association a deed of land in Virginia on which was a hotel and other buildings, upon certain conditions, one of which was that they should assume, guarantee, and secure by deed of trust of this property

the payment of the balance of the purchase money then due to the Natural Bridge Forest Co. In compliance with this condition, the defendants on that day prepared a deed of this property to Letcher, by the terms of which it was to be held in trust by him to secure the payment of the principal and interest of ninety bonds of $1,000 each, to be issued by the defendants, payable to the Natural Bridge Forest Co. This deed was signed in June, 1891, but was not acknowledged until August 22, 1891, nor delivered to Letcher, the trustee, or recorded until December 30, 1891, when the indebtedness had been reduced from $90,000 to $64,000. Bonds to the latter amount only were issued.

By the terms of the trust deed, the defendants also agreed to keep the buildings and property insured for the benefit of the trust to the extent of at least $40,000. October 21, 1891, the hotel, which was a substantial part of the property, was destroyed by fire. November 12, 1891, the defendants and the Natural Bridge Forest Co. agreed "that the money to be received by the Glasgow Investment Co. from insurance on Forest Inn Hotel and its contents shall, when the same is paid by the insurance companies, be placed in the hands of George E. Wallace upon special trust to be held by the said Wallace subject to the provisions and conditions of a deed of trust executed by the Glasgow Investment Co. to S. H. Letcher, trustee, said deed bearing date June 1, 1891, not yet delivered." In compliance with this agreement, a part of the insurance money was paid to Wallace on or before December 23, 1891, and the balance in March, 1892. The agreement was not fraudulent as to creditors.

February 10, 1892, the plaintiffs brought this action and attached the funds in the hands of Wallace. Their claim is not a part of the bonded indebtedness secured by the trust deed. Letcher, in behalf of the bondholders, claims the funds as a part of the trust fund to secure the payment of the bonds. The amount of the bonded indebtedness is $64,000 and interest. A receiver of the defendant company has been appointed by the United States Circuit Court for the Western District of Virginia, and August 8, 1892, Letcher was authorized by a decree of that court to collect the funds in controversy. The plaintiffs also claimed title to the funds under certain Virginia statutes. It was held that the claimant was entitled to the funds, the trustee was discharged, and the plaintiffs excepted.

*Elmer J. Smart, John Kivel,* and *Frank S. Streeter,* for the plaintiffs.

*Calvin Page,* for the claimant.

WALLACE, J. The question to be determined is whether the insurance money in the hands of the trustee shall be held by the

plaintiffs for the satisfaction of their claim against the defendants, or by the claimant for the benefit of the defendants' bondholders. It is a general rule that in the absence of fraud the attaching creditor has no greater rights against the trustee than the defendant would have in an action brought by him against the trustee; and as the trustee process is an equitable proceeding, the trustee can be charged for only such sum as the defendant could equitably recover against him. *Leland* v. *Sabin*, 27 N. H. 74; *Forist* v. *Bellows*, 59 N. H. 229; *Carter* v. *Webster*, 65 N. H. 17.

The defendants could not recover this money in a suit against the trustee, in the face of the condition upon which they purchased the property. They agreed to secure the balance of the purchase money then due by a deed of trust of the property. The deed of trust, given to Letcher in compliance with that condition, provided that the property should be held to secure the payment of the bonds and should be insured for the benefit of the trust, while the supplemental agreement, made after the buildings were burned, provided that the insurance money should be paid into the hands of the trustee, to be held "subject to the provisions and conditions" of the trust deed. These agreements would preclude a recovery in such an action. By these instruments, executed before the commencement of the plaintiffs' suit, the defendants placed this money beyond their control. It was pledged as security for the payment of the bonds given for the purchase money of the property, in accordance with the condition upon which the property was conveyed. In the light of these agreements and conveyances, the defendants have no legal right or equitable claim to this money as against Letcher, who claims it in behalf of the bondholders for whose benefit it was pledged. Nor have the plaintiffs any better claim than the defendants, as it was found the agreement was not fraudulent as to creditors.

The fact that part of the insurance money was not paid into the hands of the trustee until after the time of the service of the plaintiffs' writ upon him can make no difference. Before that time, the trust deed had been executed and delivered, and the supplemental agreement of November 12, 1891, absolutely fixing the right of the bondholders to have this money held as security for the bonds, had been made.

The Virginia statutes do not change the result. The principal defendant is a Virginia corporation, having its domicile in that state. It is insolvent, and for more than two years has been in the hands of a receiver appointed by the United States Circuit Court for the Western District of Virginia. The claimant has been ordered by that court to collect this fund. As he is acting under the order of that court, the money, if recovered by him,

will be subject to its order; and it will be for that court to determine whether the Forest company is entitled to the fund, or whether, under the laws of Virginia, it shall be held for the benefit of all the creditors.

*Exceptions overruled.*

SMITH and CLARK, JJ., did not sit: the others concurred.